# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3017 | **DATE** | May 3, 2013 |
| **CASE TITLE** | John E. Junious (N-72529) v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $7.69 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Vienna Correctional Center. Summonses shall not issue, however. The court dismisses the complaint on file without prejudice. Plaintiff must submit an amended complaint (plus a judge's copy and service copies) within 30 days of this order. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed.

■[For further details see text below.] 

Docketing to mail notices.

## STATEMENT

    Plaintiff, John E. Junious, a prisoner at the Vienna Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officials at Cook County Jail, where Plaintiff was confined in 2011.

    Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.69. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and the Vienna Correctional Center trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that plaintiff is transferred to another facility.

    The court has reviewed the complaint as directed by 28 U.S.C. § 1915A. Plaintiff alleges that on June 18, 2011, after he complained of chest pains, he was taken by Cook County Jail officers to the Cermak Health Center for testing. Upon his return to the Jail, Plaintiff was handcuffed to a post near the security officer from 6:30 to 10:30 p.m. at the direction of Defendant Sergeant Harris. Another Defendant, Officer Lee, falsely told Sergeant Harris that there was "nothing wrong" with Plaintiff. Sergeant Harris made derogatory comments to Plaintiff and refused to allow him to use the restroom. Sergeant Harris also wrote a disciplinary report, charging Plaintiff with lying about his pain. Plaintiff alleges that Sergeant Harris's conduct was "very unprofessional."

    Plaintiff names Cook County Official Thomas Dart, Sergeant Harris and Officer Lee as Defendants. Plaintiff's complaint fails to state a claim.

    To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a

| STATEMENT |
|---|

constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Here, there are no allegations that Sheriff Dart was involved in any manner in the incident at issue. The fact hat Dart is a supervisor is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Nor are the allegations sufficient to state a constitutional violation on the part of Defendants Lee or Harris. With respect to Defendant Lee, Plaintiff has alleged only that Lee told Harris that there was nothing wrong with Plaintiff. This comment, while false according to Plaintiff, is not a constitutional violation. *See e.g., DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner a protected liberty interest or deny a prisoner equal protection of the laws."). As to Sergeant Harris, while handcuffing Plaintiff to the post for four hours and barring him from using the restroom for an unspecified amount time may well have been unprofessional, it does not rise to a constitutional violation. The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *see also, Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001) (finding 16 hours in shackles and four to five hours in soiled clothing did not rise to a constitutional violation); *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (no constitutional violation where prisoner was handcuffed for 24 hours, making it more difficult for him to relieve himself); *Curiel v. Stigler*, No. 06 C 5880, 2008 WL 904894, at * 5 (N.D. Ill. March 31, 2008) (Zagel, J.) (being handcuffed and unable to use restroom for several hours did not rise to a constitutional violation).

The complaint on file is dismissed without prejudice. Plaintiff has leave to file an amended complaint, if any, within 30 days. Should he choose to do so, Plaintiff must include both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Should Plaintiff choose not to submit an amended complaint within 30 days, the case will be summarily dismissed.